CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 25, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TARUN KUMAR VYAS, | ) | |
|     Petitioner, | ) | Civil Case No. 7:22-cv-00744 |
| v. | ) | |
| | ) | |
| SHERIFF BRYAN HUTCHENSON, *et al.*, | ) | By: Elizabeth K. Dillon |
|     Respondents. | ) | United States District Judge |

**MEMORANDUM OPINION**

Petitioner Tarun Kumar Vyas, proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is the respondents' motion to dismiss, arguing that Vyas was not in custody under the conviction or sentence under attack at the time this petition was filed.  (Dkt. No. 55.)  Also before the court are motions filed by Vyas to subpoena recorded calls and texts (Dkt. No. 53) and to supplement the record (Dkt. Nos. 61, 62, 66).

For the reasons stated below, Vyas' motions to supplement will be granted, and his motion to subpoena will be denied.  However, respondents' motion to dismiss will be granted, and this matter will be dismissed for lack of subject matter jurisdiction because Vyas cannot satisfy the "in custody" requirement for granting relief pursuant to § 2254.

I. BACKGROUND

Vyas' petition challenges a criminal conviction in Rockingham County, Case No. CR 19-001398-00.  (Dkt. Nos. 1, 45.)  On September 4, 2019, Vyas was arrested on three charges of communicating a written threat to kill or do bodily injury with the intent to commit an act of terrorism.  (Exs. 1, 2, Dkt. Nos. 54-1, 54-2.)  A superseding indictment charged Vyas on four counts of the same charges.  (Ex. 3, Dkt. No. 54-3.)  On February 11, 2020, Vyas was tried by a jury, and the jury returned a guilty verdict on one charge and not guilty verdicts on the remaining

three charges. (Ex. 4, Dkt. No. 54-4, Ex. 6, Dkt. No. 54-6.) The jury fixed Vyas' punishment at nine months of incarceration. (Ex. 5, Dkt. No. 54-5.)

Vyas had a sentencing hearing on March 31, 2020, and the trial court sentenced Vyas in accordance with the jury's verdict to nine months of incarceration, with none suspended. The court also sentenced Vyas to one year of post-release supervision. The sentence was memorialized in an order entered April 3, 2020. (Ex. 6.)

After subtracting 36 days of Earned Sentence Credit and 213 days of pre-trial incarceration, Vyas was left with 25 days of incarceration to serve following entry of the April 3, 2020 sentencing order. (Ex. 7, Dkt. No. 54-7.) Vyas served the remaining 25 days and was released from the Rockingham Regional Jail on April 29, 2020. (Ex. 7.) Vyas' one-year period of supervised release began that day and expired on April 29, 2021. (Ex. 8, Dkt. No. 54-8.)

Vyas originally filed this petition on December 30, 2022. (Dkt. No. 1.) Eventually, and pursuant to several orders of the court, Vyas filed an amended petition on July 31, 2023. (Dkt. No. 45.) In it, he challenges a criminal conviction in Rockingham County, Case No. CR 19-001398-00. (*See id.*) The court then ordered respondents to file a "limited responsive pleading" addressing only "whether Vyas was 'in custody' at the time he filed this petition." (Dkt. No. 49.) Respondents moved to dismiss on August 30, 2023. (Dkt. No. 55.) Vyas filed a response to the motion on September 20. (Dkt. No. 59.)

## II. ANALYSIS

### A. Motion to Subpoena

In this motion, Vyas moves to subpoena certain phone calls and text messages. Vyas argues that these messages prove that the person he was convicted of threatening was not afraid of him, which contradicts her testimony at trial. This evidence is not relevant to the issue

identified by the court in its service and briefing order: whether Vyas was in custody at the time this matter was initially filed. (Dkt. No. 49.) Therefore, the court will deny this motion without prejudice.

**B. Motions to Supplement**

In his first motion to supplement (Dkt. No. 61), Vyas asks to supplement the record by filing, as an exhibit, a sworn affidavit from his mother, which according to Vyas corroborates the claims in his petition. In previous orders, the court ordered that Vyas cannot continue to file documents, and that his amended petition should have included all the exhibits he wanted to include. (*See* Dkt. No. 48.) However, as Vyas' mother lives in India, the court finds that there is good cause to allow the filing of this exhibit, so the court will grant the motion.

In his second and third motions to supplement (Dkt. Nos. 62, 66), Vyas asks the court to consider certain arguments pertaining to the court's jurisdiction. These motions were filed after Vyas filed his response to the motion to dismiss, and the court has not granted leave for further briefing. Nonetheless, the court will grant the motions and consider the arguments contained therein.

**C. Custody Requirement**

The federal habeas statute provides that a petitioner may file for relief only on the grounds that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This requirement is jurisdictional; that is, absent the "in custody" element, a district court has no subject matter jurisdiction and must dismiss the petition. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). On the one hand, a habeas petition is not automatically moot upon the release of the petitioner. *See Carafas v. LaVallee*, 391 U.S. 234, 237–38 (1968). However, a petitioner must be in custody at the time of filing for federal jurisdiction to attach.

*See Maleng*, 490 U.S. at 491–92. Furthermore, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492; *Lackawana Cnty. Dist. Att'y v. Cross*, 532 U.S. 394, 401–02 (2001).

As detailed herein, Vyas' term of imprisonment and subsequent term of supervised release expired on April 29, 2021. Because Vyas did not file this action until 2022, Vyas was not in custody when this action was filed, and the court lacks subject matter jurisdiction to address Vyas' petition.

Vyas argues that he should be considered "in custody" because the challenged conviction was used to undermine his credibility in another trial for child pornography charges. (Dkt. No. 59 at 3–4.) Vyas characterizes this consequence as "direct" consequence, not a collateral consequence. (*Id.* at 4.) Despite the clever use of nomenclature by Vyas, this type of effect or consequence of being convicted of a crime is clearly insufficient to satisfy the custody requirement for granting habeas relief. *See, e.g.*, *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (holding that the collateral consequence of requiring the petitioner to register as a sex offender is not sufficient to meet the "in custody" standard for a habeas petition); *Robbins v. Clarke*, No. 2:15cv542, 2016 WL 8118191, at *2 (E.D. Va. Dec. 1, 2016) (three-year "good behavior period" does not rise to the level of supervisory control necessary to deem petitioner "in custody").

Vyas also asks the court to construe his petition as a petition for a writ of coram nobis. (Dkt. No. 59 at 25.) "It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982); *see also In re Egan*, 339 F. App'x 314, 315 (4th Cir. 2009) ("The writ of error coram

nobis may not be used to set aside a state conviction."). Thus, coram nobis is unavailable to Vyas and his motion asking that his petition be construed as such will be denied.

In sum, and because this court lacks jurisdiction over Vyas' petition, the petition must be dismissed without prejudice.

### D. Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court concludes that Vyas cannot demonstrate that reasonable jurists would debate this court's procedural ruling. It will therefore deny Vyas a certificate of appealability.

### III.  CONCLUSION

For the reasons stated in this opinion, the court will issue an appropriate order granting respondents' motion to dismiss and dismissing this action without prejudice.

Entered: March 25, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge